# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVION BARBEE,          ) | |
| )          | |
| Plaintiff,          ) | |
| )          | |
| vs.          )         | Case No. 18−cv–0614−NJR |
| )          | |
| HEIFNER,          ) | |
| WEAVER,          ) | |
| MCCASLIN, and          ) | |
| MCCARTHY,          ) | |
| )          | |
| Defendants.          ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Travion Barbee, an inmate of the Illinois Department of Corrections currently incarcerated at Robinson Correctional Center, brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Lawrence Correctional Center. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Inmate Armfield was moved into Plaintiff's cell on December 13, 2016. (Doc. 1, p. 5). Armfield immediately began to complain about his housing assignment to officer Heifner. *Id*. The next day, Armfield spoke with Heifner again and told him, "Imma beat [Plaintiff's] ass in here. Check my history, that's why I was transferred back to Lawrence from Graham." *Id*. After hearing those comments, Plaintiff sent Weaver, the placement officer, a request slip noting the threats that Armfield had made against him. *Id.* Plaintiff believes that Armfield wrote a grievance about the situation to Lt. McCarthy. *Id.* On December 17, 2016, Armfield told Plaintiff "this don't have nothing to do with you, I told them to move me, they put you in the business." *Id*. Plaintiff was concerned about this comment, so he spoke to Heifner and told Heifner that his immediate safety was in jeopardy. *Id*. Heifner told Plaintiff to refuse housing. *Id*. Plaintiff also told Lieutenant McCaslin about the situation, but McCaslin told him that they could not move inmates on Saturdays. *Id*. Armfield attacked Plaintiff after lunch; Plaintiff suffered blows to his head and face. *Id*.

2

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Heifner, Weaver, McCaslin, and McCarthy failed to protect Plaintiff from the serious threat posed by his cellmate in violation of the Eighth Amendment.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that Plaintiff would be attacked, yet fail to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here, Plaintiff has alleged that his cellmate posed a threat to him because his cellmate did not want a roommate. Both Plaintiff and his cellmate made comments and wrote requests to the

defendants apprising them that Armfield would attack Plaintiff if not moved. Plaintiff alleges that Defendants did not respond to these communications, other than to tell Plaintiff to refuse housing. They took no action. On these facts, Plaintiff has stated a viable failure to protect claim, and Count 1 shall be permitted to proceed against all defendants.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be referred to Magistrate Judge Donald G. Wilkerson.

Plaintiff also has filed a Motion for Service of Process at Government Expense, but Federal Rule of Civil Procedure 4(c)(3) compels the Court to order the United States Marshals Service to accomplish service when a plaintiff proceeds *in forma pauperis* ("IFP"). Because Plaintiff has been granted leave to proceed IFP, his motion is moot.

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Defendants Heifner, Weaver, McCaslin, and McCarthy. Plaintiff's Motion for Service at Government Expense (Doc. 4) is **DENIED as moot**. (Doc. 4).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Heifner, Weaver, McCaslin, and McCarthy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 27, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**